United States District Court
Southern District of Texas
**ENTERED**
July 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEOPHYSICAL SERVICE INCORPORATED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2766 |
| | § | |
| CONOCOPHILLIPS COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion to reconsider and amend filed by plaintiff Geophysical Service Incorporated ("GSI") (Dkt. 30), a motion to strike evidence filed by defendant ConocoPhillips Company ("Conoco") (Dkt. 31), and a motion for attorneys' fees filed by Conoco (Dkt. 29). Having considered the motions, related filings, and applicable law, the court is of the opinion that the motion to reconsider and amend, which the court will consider separately, should be GRANTED, the motion to strike should be GRANTED IN PART AND DENIED IN PART, and the motion for attorneys' fees should be DENIED AS PREMATURE.

**I. MOTION TO RECONSIDER**

On May 13, 2016, the court granted Conoco's motion to dismiss all of GSI's claims and entered a final judgment. Dkts. 27, 28. GSI requests that the court reconsider its ruling on Conoco's motion to dismiss to correct a manifest error of fact. Dkt. 30. Federal Rule of Civil Procedure 59(e) "allow[s] a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

When considering a motion to dismiss, the court must accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*,

495 F.3d 191, 205 (5th Cir. 2007). In considering the arguments for dismissal of GSI's claims due to the statute of limitations, the court inferred, based on a Canadian trial court ruling, that GSI had been able to obtain copies of Conoco's requests for GSI's seismic materials from the Canada-Nova Scotia Offshore Petroleum Board ("CNSOPB") since 2003 and had failed to exercise reasonable diligence in obtaining this information. *See* Dkt. 27. The court therefore determined that GSI should have known about Conoco's alleged infringement and trade secret misappropriation several years before it actually received the information from the CNSOPB upon which it bases its claims. *See id.* However, accepting all well-pleaded facts as true and viewing the facts in the light most favorable to GSI, the court now concludes that it is plausible that GSI exercised reasonable diligence after obtaining the 2003 ruling and still did not discover that Conoco had requested the seismic materials at issue occurred until the date listed in its complaint—September 23, 2013—which is within the limitations period.

Accordingly, GSI's motion for reconsideration is GRANTED. The court AMENDS its ruling granting Conoco's motion to dismiss GSI's direct infringement and trade secret misappropriation claims. Conoco's motion to dismiss GSI's direct infringement and trade secret misappropriation claims on limitations grounds is DENIED. The court accordingly WITHDRAWS the final judgment it issued concurrently with the order dismissing all of GSI's claims.

## II. MOTION TO STRIKE

Conoco moves to strike a declaration and affidavit that GSI attached to its motion to reconsider because they are outside the pleadings and cannot be considered on a motion to dismiss. Dkt. 35. The court agrees that it may not consider the declaration or affidavit in determining whether GSI's claims should be dismissed. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (ruling that a court considering a motion to dismiss may only consider documents outside of

the complaint "that are referred to in the plaintiff's complaint and are central to the plaintiff's claim") Conoco's motion to strike the declaration and affidavit is GRANTED. Conoco also, however, moves to strike a third exhibit, the proposed amended complaint, as irrelevant. *See* Dkt. 35. The court finds that the proposed amended complaint is highly relevant to whether the court should grant GSI's motion to amend. Accordingly, the motion to strike the proposed amended complaint is DENIED.

### III. MOTION TO AMEND

GSI additionally requests to amend its complaint to provide more details about its discovery that Conoco requested copies of GSI's seismic materials from the CNSOPB. Dkt. 30. It has attached a proposed amended complaint to its motion. *See* Dkt. 30-14. Conoco argues that the court should not allow GSI to amend its complaint because the court has already dismissed the case. *See* Dkt. 31. In determining whether to grant leave to amend in this situation, courts consider whether the amendment will cause undue delay, whether the request is made in bad faith or with a dilatory motive, whether the plaintiff has repeatedly failed to cure deficiencies with amendments, whether the amendment will unduly prejudice the defendant, and whether the proposed amendment is futile. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Conoco does not argue that amendment is futile. *See* Dkt. 31. And the court does not believe that any of the other factors apply. The court finds that GSI's amended complaint (Dkt. 30-14), which significantly narrows the issues, will be of benefit to all parties now that the court has reconsidered its ruling on Conoco's motion to dismiss. GSI's motion to amend is therefore GRANTED.

### IV. MOTION FOR ATTORNEYS' FEES

Because the court has reconsidered its order granting Conoco's motion to dismiss all claims

and withdrawn its final judgment, Conoco's motion for attorneys' fees is premature. The motion for attorneys' fees is therefore DENIED as premature.

## V. CONCLUSION

GSI's motion to reconsider and amend is GRANTED. Conoco's motion to dismiss GSI's direct infringement and trade secret misappropriation claims on limitations grounds is now DENIED. The remainder of the rulings in the court's order on Conoco's motion to dismiss remain unchanged. Conoco's motion to strike is GRANTED IN PART AND DENIED IN PART, as explained above. Conoco's motion for attorneys' fees is DENIED as premature.

GSI shall file its amended complaint as a separate docket entry within ten days of the date of this order. The parties shall also submit a proposed scheduling order within ten days of the date of this order.

Signed at Houston, Texas on June 25, 2016.

_____
Gray H. Miller
United States District Judge